1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

               Plaintiff,

     v.

KUKU-OJO, et al.,

               Defendants.

No.  2:16-cv-2731 WBS AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         II.    Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    First Amended Complaint

12      Plaintiff alleges that on July 12, 2014, defendant Kuku-Ojo, a registered nurse, denied him

13  necessary medical care in violation of his Eighth Amendment rights. ECF No. 4 at 2.

14  Specifically, plaintiff states that after he fell and hit his head on the concrete floor, losing

15  consciousness, defendant Kuku-Ojo refused to treat him and instead instructed a correctional

16  officer to tell him to take two aspirin. Id. at 2, 6. He states that he did not receive medical

17  treatment until three hours after the incident and that he still suffers from bad headaches. Id.

18      Separately from his allegations against Kuku-Ojo, in an addendum to the complaint,

19  plaintiff alleges that he asked for assistance from the library clerk, defendant McAtee, to

20  complete his legal paperwork. Id. at 57. However, McAtee told another inmate to help plaintiff

21  instead of helping him herself, which resulted in the paperwork being rejected by the Court

22  because it was filled out incorrectly. Id. Because McAtee is identified as a defendant in the

23  complaint's caption (ECF No. 4 at 1) the court construes these allegations as presented in support

24  of a separate claim against McAtee.

25      Also in the addendum, plaintiff reports that he was injured in a traffic accident while

26  being transported to another prison in a bus. Although plaintiff contends that he should have been

27  transported on a "wheelchair bus," and suggests that the accident and its aftermath involved some

28  impropriety (id. at 56-57), he makes no allegations against any identifiable individuals. The bus

3

1    accident is not linked, in any way that is apparent to the court, to the claims regarding Kuju-Ojo

2    or McAtee. Accordingly, the court cannot construe the complaint as stating any claim for relief

3    based on the accident.

4          IV.      Claims for Which a Response Will Be Required

5              A. Defendant Kuku-Ojo – Deliberate Indifference

6       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

7    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

8    1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires

9    plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

10   condition could result in further significant injury or the unnecessary and wanton infliction of

11   pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting

12   McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

13       Deliberate indifference is established only where the defendant subjectively "'knows of

14   and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051,

15   1057 (9th Cir. 2004) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.

16   2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to

17   respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

18   Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison

19   medical personnel—or between medical professionals—regarding appropriate medical diagnosis

20   and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891

21   F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted).

22   Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable

23   under the circumstances and . . . that they chose this course in conscious disregard of an excessive

24   risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal

25   citations omitted). A mere delay in medical treatment, absent a showing of resulting substantial

26   harm, is insufficient to support an Eighth Amendment violation. Wood v. Housewright, 900 F.2d

27   1332, 1335 (9th Cir. 1990) (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

28   407 (9th Cir. 1985)).

1    Here, plaintiff alleges that defendant Kuku-Ojo failed to provide him medical assistance

2    when he slipped and fell, although she was called directly by the officer on duty and told that

3    plaintiff had briefly lost consciousness. ECF No. 4 at 2, 6. Moreover, plaintiff states that he is

4    still having bad headaches. Id. at 2. Although he is not explicit as to the cause of the headaches,

5    it can be inferred that he is alleging they are a result of the delay caused by Kuku-Ojo's refusal to

6    provide immediate care. Id. At the screening stage, plaintiff's allegations are sufficient to state a

7    claim for relief against defendant Kuku-Ojo and she will be required to respond to the complaint.

8    V.    Failure to State a Claim

9         A. Defendant McAtee – Access to the Courts

10         Inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v.

11   Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).

12   However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.

13   Id. at 354 (citations omitted). Claims for denial of access to the courts may arise from the

14   frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

15   claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

16   Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access

17   to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being

18   shut out of court. Id. at 415; Lewis, 518 U.S. at 351. Additionally, to properly plead a denial of

19   access to the courts claim, "the complaint should state the underlying claim in accordance with

20   Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like

21   plain statement should describe any remedy available under the access claim and presently unique

22   to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

23         Plaintiff claims that he cannot read or write, and therefore requires assistance with his

24   legal paperwork. ECF No. 4 at 57. He further claims that McAtee had another inmate assist

25   plaintiff with his legal paperwork when she was supposed to assist him, and also failed to check

26   the documents before turning them in, which resulted in the documents being sent back. Id. at 46,

27   57. However, the fact that the paperwork was not accepted, without more, does not show that

28   plaintiff suffered an actual injury or that he has lost his ability to pursue his claim in court. He

1  has also failed to identify the underlying claim that McAtee's actions interfered with.  For these

2  reasons, plaintiff has not stated a claim for relief against McAtee.

3         B.  Defendants Fox and Price

4         The complaint names Wardens Fox and Price as defendants (ECF No. 4 at 1), but makes

5  no allegations that they personally did anything to violate plaintiff's rights.  There can be no

6  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976);

8  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and conclusory allegations of

9  official participation in civil rights violations are not sufficient . . . ."  Ivey v. Bd. of Regents, 673

10  F.2d 266, 268 (9th Cir. 1982) (citations omitted).

11         Additionally, "[t]here is no respondeat superior liability under section 1983."  Taylor v

12  List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  "A defendant may be held liable as a

13  supervisor under § 1983 'if there exists either (1) his or her personal involvement in the

14  constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

15  conduct and the constitutional violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)

16  (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the

17  constitutional violations of his subordinates if he "knew of the violations and failed to act to

18  prevent them."  Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without

19  any personal participation if the official implemented "a policy so deficient that the policy itself is

20  a repudiation of the constitutional rights and is the moving force of the constitutional violation."

21  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and internal

22  quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825

23  (1970).

24         To the extent that Fox and Price are named as defendants solely because of their status as

25  wardens, any claims against them must fail because there is no supervisory liability under section

26  1983.  In order to state a claim, plaintiff must allege specific incidents in which the wardens had a

27  direct connection to a deprivation of plaintiff's rights, either through their own participation, their

28  knowing failure to intervene, or their implementation of a policy that violated plaintiff's rights.

1    Since plaintiff has not done this, his Amended Complaint fails to state a claim against defendants

2    Fox and Price.

3        VI.    Leave to Amend

4        For the reasons explained above, plaintiff's first amended complaint fails to state a claim

5    upon which relief may be granted against defendants McAtee, Fox, and Price.  Plaintiff will be

6    given the opportunity to amend the complaint if he wishes to do so, and believes that he can

7    allege additional facts that would fix the problems identified above.

8        Plaintiff has a choice about how to proceed.  He may proceed forthwith to serve defendant

9    Kuku-Ojo on his claim that she was deliberately indifferent when she failed to provide him with

10   medical treatment after he fell and hit his head, and withdraw his other claims.  In the alternative,

11   he may delay serving any defendant and amend the complaint to attempt to state cognizable

12   claims against defendants McAtee, Fox, and Price.

13       Plaintiff will be required to complete and return the attached notice advising the court how

14   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

15   file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Kuku-

16   Ojo without amending the complaint, the court will order service of the complaint.  Plaintiff may

17   only go forward without amending the complaint if he decides to voluntarily dismiss the claims

18   against defendants McAtee, Fox, and Price without prejudice.[1]

19       If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

20   about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at

21   370-71.  Also, the complaint must allege in specific terms how each named defendant is involved.

22   Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability

23   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

24   actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25   Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

26

27   [1] If plaintiff chooses to voluntarily dismiss the claims against defendants McAtee, Fox, and
     Price, the court takes no position on whether he would be able to successfully or timely be able to
28   bring his claims against these defendants in a separate action.

1 are not sufficient . . . ." Ivey, 673 F.2d at 268 (citations omitted).

2 Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

3 his amended complaint complete. Local Rule 220 requires that an amended complaint be

4 complete in itself without reference to any prior pleading. This is because, as a general rule, an

5 amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

6 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

7 Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

8 in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint,

9 any previous complaints no longer serves any function in the case. Therefore, in an amended

10 complaint, as in an original complaint, each claim and the involvement of each defendant must be

11 sufficiently alleged.

12 If plaintiff chooses to amend the complaint, he is advised that he may join multiple claims

13 if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only

14 permitted if "any right to relief is asserted against them . . . with respect to or arising out of the

15 same transaction, occurrence, or series of transactions or occurrences; and any question of law or

16 fact common to all defendants will arise in the action," Fed. R. Civ. P. 20. In other words, joining

17 more than one claim is only proper when it is against one defendant, and joining multiple

18 defendants in one complaint is only proper when the claims against them are based on the same

19 facts.

20 VII.   Plain Language Summary of this Order for a Pro Se Litigant

21 Your request to proceed in forma pauperis is granted and you are not required to pay the

22 entire filing fee immediately.

23 Some of the allegations in the first amended complaint state claims against the defendants

24 and some do not. The court finds that the complaint states an Eighth Amendment deliberate

25 indifference claim against defendant Kuku-Ojo, and she will be required to respond to the

26 complaint. However, the complaint does not have enough facts to state claims against defendants

27 McAtee, Fox, and Price.

28 ////

8

You have two options:

1. If you want to proceed against defendant Kuku-Ojo right away, and dismiss your other claims and defendants in light of the problems that the court has identified, you may do so. As soon as you notify the court of your choice, service will be ordered and the case will proceed.

2. If you want to try to fix your claims against defendants McAtee, Fox, and Price by providing additional information and attempting to state a claim, you may amend the complaint. In that case, service of defendant Kuku-Ojo will not happen right away, and the court will wait until a Second Amended Complaint has been filed and screened before serving any defendant.

If you want to go forward without amending the complaint, you will be voluntarily dismissing your claims against defendants McAtee, Fox, and Price without prejudice.

If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the complaint to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to either (a) proceed immediately on his deliberate indifference claim against defendant Kuku-Ojo as set forth in Section IV above, and voluntarily dismiss the

other defendants, or (b) to amend the complaint.

    4.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the first amended complaint as amended and will recommend dismissal without prejudice of the claims against McAtee, Fox, and Price.

DATED: February 8, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

                 Plaintiff,

       v.

O. KUKU-OJO, et al.,

                 Defendants.

No.  2:16-cv-2731 WBS AC P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant
Kuku-Ojo without amending the complaint.  Plaintiff understands that by going forward
without amending the complaint he is voluntarily dismissing without prejudice his claims
against defendants McAtee, Fox, and Price.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                     Carl Foust
                                     Plaintiff pro se

1