1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL FOUST,                          No.  2:16-cv-2731 WBS AC P

12                  Plaintiff,

13        v.                              ORDER

14   O. KUKU-OJO, et al.,

15                  Defendants.

16

17        Plaintiff has requested the appointment of counsel.  The United States Supreme Court has

18   ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

19   cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

20   circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

21   § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900

22   F.2d 1332, 1335-36 (9th Cir. 1990).

23        "When determining whether 'exceptional circumstances' exist, a court must consider 'the

24   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

25   *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

26   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

27   of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

28   most prisoners, such as lack of legal education and limited law library access, do not establish

1    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

2          Plaintiff requests counsel on the grounds that he has head trauma, brain damage, and a

3    learning disability.  ECF No. 48.  The request will be denied because the mere claim that plaintiff

4    suffers from these conditions is not enough to establish exceptional circumstances warranting

5    appointment of counsel.  If plaintiff chooses to file another motion for appointment of counsel, he

6    should specify how his conditions prevent him from proceeding without assistance and provide

7    medical documentation supporting his claimed impairments.

8          Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of

9    counsel (ECF No. 48) is denied without prejudice.

10   DATED: March 27, 2019

11   _____
     ALLISON CLAIRE
12   UNITED STATES MAGISTRATE JUDGE

2