UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. KUKU-OJO, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2731 WBS AC P<br><br><br>ORDER |

Plaintiff has filed another request for appointment of counsel. ECF No. 50. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The day after the court denied plaintiff's last request for appointment of counsel (ECF No. 49), the court received another motion for counsel from plaintiff (ECF No. 50). The current request also seeks appointment of counsel based on plaintiff's learning disabilities and mental capacity, but fails to provide the evidence required to justify the appointment of counsel on that ground. Id. Plaintiff is reminded that a motion for appointment of counsel on the ground of mental incapacity should specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments. Plaintiff's request that the court order the California Department of Corrections and Rehabilitation to provide copies of his medical records (id. at 2) will be denied because plaintiff has not shown that he is unable to request and obtain copies of his own records.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 50) is denied without prejudice.

DATED: April 1, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE