UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. KUKU-OJO, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2731 WBS AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed another request for appointment of counsel. ECF No. 54. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff once again seeks appointment of counsel on the grounds that he is unable to read or write, has low comprehension levels, and has a developmental disability. ECF No. 54. In denying plaintiff's previous requests, the court informed plaintiff that in order to justify the appointment of counsel on those grounds, he would have to explain how his conditions would prevent him from proceeding without the assistance of counsel and provide medical documentation supporting his claimed impairments. ECF Nos. 49, 52. The current request for counsel appears to be a form motion that makes only general assertions regarding the difficulties faced by inmates who are illiterate or non-English speaking, and fails to address plaintiff's specific difficulties in proceeding. ECF No. 54 at 1-11. Furthermore, while plaintiff does provide documentation showing that he has limited reading comprehension and a developmental disability, none of the documents demonstrate that these conditions make him unable to proceed without the assistance of counsel. Id. at 16-28.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 54) is denied.

DATED: April 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE