UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>O. KUKU-OJO, et al.<br><br>        Defendants. | No. 2:16-cv-2731 WBS AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for a court order permitting an outside medical provider to evaluate his mental and physical health. ECF No. 64. It appears that plaintiff may be attempting to request an independent medical examination under Federal Rule of Civil Procedure 35. Plaintiff has also requested appointment of counsel. Id. at 2.

Federal Rule of Civil Procedure 35(a) provides that

> [t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

However, "Rule 35 does not allow for a physical examination of oneself." Berg v. Prison Health Servs., 376 F. App'x 723, 724 (9th Cir. 2010) (citing Fed. R. Civ. P. 35; Schlagenhauf v. Holder,

1

379 U.S. 104, 118-19 (1964)); see also Hanna v. Chudy, 2011 WL 2039421, at *1, 2011 U.S. Dist. LEXIS 55972, at *3 (N.D. Cal. May 25, 2011) (collecting district court cases holding same). Furthermore, even if the court were to grant plaintiff's request for an examination, he would be responsible for the costs associated with the examination because the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). The motion will therefore be denied.

Plaintiff has also requested appointment of counsel. ECF No. 64 at 2. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel, and plaintiff's conclusory assertion that it is "crucial" he be appointed counsel does not establish the necessary exceptional circumstances exist.

Finally, plaintiff seeks clarification as to whether he should send his medical records and complaint forms so that the court "may better understand and grasp the whole picture of what has been going on." ECF No. 64 at 2. Plaintiff should only file such documents if they are being used to support or defend against a motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an independent medical examination (ECF No. 64) is denied.
2. Plaintiff's request for the appointment of counsel (ECF No. 64) is denied.

DATED: June 11, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE