UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>        Plaintiff,<br><br>    v.<br><br>O. KUKU-OJO, et al.,<br><br>        Defendants. | No. 2:16-cv-2731 WBS AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Defendant has filed a motion to revoke plaintiff's in forma pauperis status. ECF No. 73. Although plaintiff has not yet responded to the motion, the court finds that further briefing is not necessary to a fair adjudication of the motion.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

Defendant argues that plaintiff has accrued at least three strikes and is therefore barred from proceeding with this case until he pays the filing fee in full. ECF No. 73. However, each of the dismissals that defendant argues counts as a strike was accrued after plaintiff initiated the instant case. Id. at 5-6.

> Section 1915(g) prohibits *in forma pauperis* claims brought by prisoners who have, while incarcerated, on "3 or more *prior* occasions" had claims dismissed due to their frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g) (emphasis added). This language makes clear its application to claims dismissed prior to the current proceedings.

Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997). Accordingly, none of the dismissals identified by defendants serves as a strike to bar plaintiff from proceeding in forma pauperis in this case.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 73) is denied.

DATED: July 8, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE