UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. KUKU-OJO, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2731 WBS AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendant's motions to compel (ECF No. 83) and to extend the pretrial motions deadline (ECF No. 95).

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and

1

more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). With respect to requests for admission, the Federal Rules provide that the failure to timely respond results in the matters being automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

On August 19, 2019, defendant filed a motion to compel responses to her interrogatories, requests for production, and requests for admissions. ECF No. 83. Defendant asserts that the discovery requests were served on plaintiff by mail on June 20, 2019, and responses were due forty-five days later on August 5, 2019.[1] Id. at 3. No responses were received. Counsel then addressed the missing responses with plaintiff at his deposition on August 7, 2019, and followed the discussion up with a letter, which extended plaintiff's time to respond to August 16, 2019. Id.

---

[1] The court notes that plaintiff's responses were actually due by August 8, 2019. See ECF No. 59 at 4, ¶ 2 (responses due forty-five days after service of request); Fed. R. Civ. P. 6(d) (extending deadlines based on date of service by three days when service is accomplished by mail). Furthermore, contrary to the assertion in counsel's letter to plaintiff (ECF No. 83 at 8), because plaintiff is a prisoner proceeding pro se, the timeliness of his responses is based on the date he hands them over to prison officials for mailing, not the date counsel for defendant receives them, see Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

at 4, 8. Plaintiff was given until October 3, 2019, to file his response to the motion to compel. ECF No. 85. On October 9, 2019, defendant filed a notice advising that plaintiff had not filed an opposition to the motion to compel and that counsel had received neither the requested discovery nor an opposition to the motion. ECF No. 88.

Since defendant filed her motion to compel, plaintiff has filed a number of documents (ECF Nos. 86, 87, 89-94), several of which dealt with corrections to his deposition (ECF Nos. 86, 87, 89). Other documents included another copy of previously filed letters (ECF No. 90), requests for assistance with Prison Rape Elimination Act (PREA) claims (ECF Nos. 91-92), and a letter claiming that his documents had been tampered with (ECF No. 93). The most recent document received from plaintiff is a letter in which he claims that his filings are not being received by the court. ECF No. 94. He claims that contrary to defendant's notice of non-opposition to the motion to compel, he did in fact submit "documents about the deposition." Id. at 1. Attached to the letter is documentation showing that there is no longer a Developmental Disability Program library technical assistant (DDP LTA) at the prison, but also indicating that plaintiff is still receiving assistance reading, writing, and preparing forms. Id. at 4-7. Also attached to the letter is another copy of plaintiff's corrections to his deposition, as well as a copy of defendant's unanswered interrogatories. Id. at 15-29, 38-40. It appears that plaintiff intended his corrections to his deposition as his response to defendant's motion to compel.

While the court has received several copies of plaintiff's corrections to his deposition transcript, these corrections are not a response to defendant's discovery requests or a response to the motion to compel. Furthermore, although plaintiff appears to be claiming that he is not getting help from a DDP LTA, it appears that he is still getting at least some help with reading and writing since he has filed a number of documents with the court. Plaintiff's continuing ability to file various documents with the court is inconsistent with an inability to respond to discovery requests. The motion to compel will therefore be granted. Plaintiff will be required to respond to defendant's interrogatories and request for production without objection, and the requests for admission are deemed admitted.

////

In light of the ongoing discovery issues, defendant has requested that the pretrial motion deadline be extended sixty days. ECF No. 95. The court will instead vacate the pretrial motion deadline, which will be re-set upon conclusion of the pending discovery matters.

Finally, with respect to plaintiff's request for assistance with his PREA claims, if plaintiff wishes to pursue those claims in this court, he must file a separate complaint related to those claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 83) is granted.
    a. Within seven days of service of this order, defendant shall serve plaintiff with another copy of her interrogatories and requests for production.
    b. Within thirty days of service of the discovery requests, plaintiff must respond to the requests fully and without objection. Defendant shall inform the court of the status of discovery upon receipt and review of plaintiff's responses.
    c. Defendant may file a motion for sanctions within sixty days of service of this order if plaintiff fails to respond to the discovery requests as ordered.
    d. The matters contained in defendants' requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3).
2. Defendant's motion to extend the pretrial motion deadline (ECF No. 95) is granted in part. The November 15, 2019 pretrial motion deadline is vacated and will be re-set upon resolution of the pending discovery matters.

DATED: October 28, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE