UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

          Plaintiff,

    v.

O. KUKU-OJO, et al.,

          Defendants.

No. 2:16-cv-2731 WBS AC P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed another request for appointment of counsel. ECF No. 98.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1   most prisoners, such as lack of legal education and limited law library access, do not establish

2   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

3        The request for appointment of counsel states that it was prepared by another inmate, Mr.

4   Grimes, who is the assigned DDP clerk.  ECF No. 98 at 1-2.  Mr. Grimes states that he assisted

5   plaintiff with his previous submissions to the court but is no longer allowed to do so "because it

6   violates the confidentiality considerations of a DDP prisoner."  Id. at 2.  He further asserts that the

7   only person qualified and permitted to assist plaintiff would be a DDP LTA, which the prison has

8   been without since July 2019.  Id. at 1-2.

9        The court has advised plaintiff on several occasions that the fact that he is disabled, by

10  itself, is not sufficient to demonstrate that extraordinary circumstances warranting the

11  appointment of counsel exist.  ECF Nos. 49, 52, 56.  A motion for the appointment of counsel

12  based on plaintiff's disability must specify his condition and how it prevents him from proceeding

13  without assistance and must be accompanied by medical documentation that supports his claimed

14  impairments.  Id.  Although plaintiff's motion states that he submitted 554 pages of medical

15  records to the court, it does not appear that they were received, and even if they had been, the

16  court will not sift through hundreds of pages of records to locate documents supporting plaintiff's

17  claims.  Plaintiff should submit only those document that directly support his claim of

18  impairment.

19       Furthermore, the only task currently before plaintiff is to respond to defendant's

20  interrogatories and requests for production, as ordered by the court.[1]  ECF No. 97.  Based on

21  plaintiff's previous filings, it appears to the court that plaintiff should be capable of providing the

22  necessary responses without the assistance of counsel.

23  ////

24  ////

25  ////

26

27  [1]  In granting defendant's motion to compel, the court also vacated the dispositive motions
    deadlines, which will not be re-set until the discovery matters have been resolved.  ECF No. 97 at
28  4.

2

1      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

2 counsel (ECF No. 98) is denied.

3 DATED: November 25, 2019

4 _____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28