UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>O. KUKU-OJO, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2731 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has once again requested appointment of counsel. ECF No. 100.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is disabled and mentally impaired, and cannot get help from staff at the law library. ECF No. 100 at 1-2. He further claims that defendant's counsel is taking advantage of his mental disability. Id. at 1. As the court has advised plaintiff on several occasions, the fact that he is disabled, by itself, is not sufficient to demonstrate that extraordinary circumstances warranting the appointment of counsel exist, and he has not provided medical documentation supporting his claim. ECF Nos. 49, 52, 56, 99. Furthermore, plaintiff has not demonstrated that he has a likelihood of success on the merits such that appointment of counsel would be appropriate. A conclusory statement that he has a good case does not demonstrate a likelihood of success, and the current record does not support the finding of such a likelihood. Finally, the only task plaintiff has to complete at this time is to respond to defendant's motion to dismiss. That motion is based on plaintiff's failure to respond to discovery requests, as ordered, and plaintiff's previous filings demonstrate that he should be capable of responding without the assistance of counsel. Plaintiff currently has until January 2, 2020, to respond to the motion, and is cautioned that failure to respond will likely result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 100) is denied.

DATED: December 10, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2