| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

    Plaintiff,

v.

O. KUKU-OJO, et al.,

    Defendants.

No. 2:16-cv-2731 WBS AC P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed another request for appointment of counsel. ECF No. 106.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he has short-term memory loss, screws and plates in his throat, and is unable to answer "disposition" questions without assistance. ECF No. 106. It is unclear whether he is claiming that he requires an attorney to represent him during a deposition or to assist him in responding to discovery requests. Regardless, as he has been advised on multiple occasions, disability by itself does not warrant the appointment of counsel, and plaintiff has not provided medical documentation supporting his claim that he requires assistance. ECF Nos. 49, 52, 56, 99, 103. Furthermore, plaintiff has not demonstrated that he is likely to succeed in this action, and the current record does not support the finding of such a likelihood. Finally, as the court previously found, the only task currently before plaintiff is his response to defendant's motion for sanctions, which his previous filings demonstrate he should be able to respond to without the assistance of counsel. Plaintiff is reminded that his response to the motion is currently due January 2, 2020, and that if he does not respond to the motion it will likely be recommended that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 106) is denied.

DATED: December 17, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE