UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>    Plaintiff,<br><br>v.<br><br>O. KUKU-OJO, et al.,<br><br>    Defendants. | No. 2:16-cv-2731 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed another request for appointment of counsel. ECF No. 108.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is disabled and cannot read or write, and has attached close to two hundred pages of medical records, grievances, and court filings. ECF Nos. 109, 110. In denying his previous motions for counsel, the court has advised plaintiff that his claim of disability, by itself, does not warrant the appointment of counsel and that he must provide medical documentation supporting his claims that his disability makes him unable to pursue this case without assistance. ECF Nos. 49, 52, 56, 99, 103, 107. However, while plaintiff has provided medical documentation of disability, the records do not support his contention that his disability requires appointment of counsel.

The records provided show that plaintiff suffers from pain and mobility issues and reads at less than a second-grade level. While these conditions may make pursing a lawsuit more difficult, there is no indication that they leave plaintiff unable to pursue this case without an attorney, particularly since he appears to be getting assistance with reading and writing. Furthermore, plaintiff has not demonstrated that he is likely to succeed in this action, and the current record does not support the finding of such a likelihood. Finally, plaintiff is reminded that the only task currently before him is to respond to defendant's motion for sanctions, which his previous filings demonstrate he should be able to respond to without the assistance of counsel. The response to the motion is currently due January 2, 2020. However, the court will grant plaintiff an extension of time to file his response. Plaintiff is advised that he should focus on responding to defendant's motion rather than continuing to file nearly identical motions for appointment of counsel and that if he does not respond to the motion for sanctions it will likely be recommended that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 108) is denied.

////

////

////

2. Plaintiff shall have an additional twenty-one days, up to January 23, 2020, to file a response to defendant's motion for sanctions. Failure to respond to the motion will likely result in a recommendation that this action be dismissed.

DATED: December 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE