UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>O. KUKU-OJO, et al.,<br><br>　　　　　　Defendants. | No.  2:16-cv-2731 WBS AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is defendant's motion for terminating sanctions.  ECF No. 101.

I.　　<u>Procedural History</u>

This action proceeds on plaintiff's first amended complaint against defendant Kuku-Ojo for violation of plaintiff's Eighth Amendment rights.  ECF No. 41.

On August 19, 2019, defendants filed a motion to compel based on plaintiff's failure to respond to interrogatories, requests for admission, and requests for production.  ECF No. 83. Although plaintiff filed numerous other documents, ECF Nos. 86-87, 89-94, he failed to respond to the motion to compel, despite receiving an extension of time, ECF No. 85.  The motion to compel was granted and plaintiff was ordered to respond to defendant's interrogatories and requests for production.  ECF No. 97 at 4.  Defendants then moved for terminating sanctions on

the grounds that plaintiff had failed to provide any responses. ECF 101. Plaintiff was granted two extensions of time to respond to the motion, ECF Nos. 111, 116, but failed to do so and instead filed numerous motions for appointment of counsel, ECF Nos. 106, 108, 115, various exhibits and requests, ECF Nos. 104-05, 109-10, 112-14, 117-18, 120-25, 129, and a notice of appeal, ECF No. 126.

II.     Motion for Terminating Sanctions

Defendant moves for terminating sanctions on the ground that plaintiff has completely failed to comply with the court's order to provide responses to her interrogatories and requests for production, and that he has instead asserted that he is not receiving proper assistance despite continuing to file various motions and documents with the court. ECF No. 101.

The Local Rules of the Eastern District provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "'dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*.'" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must

consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must cut in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

### A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, plaintiff has shown little interest in fulfilling his discovery obligations or complying with this court's discovery order, and he has not provided the court or defendant's counsel with any explanation for his non-compliance and has instead continued to file duplicative motions for appointment of counsel and various other documents with the court.  His refusal to comply with discovery obligations, despite a court order to do so, has delayed the expeditious resolution of this case.  The public interest in efficient resolution of cases has thus been thwarted by plaintiff's persistent refusal to participate in the discovery process.

### B. The Court's Need to Manage Its Docket

Plaintiff's continued failure to cooperate in discovery and follow the court's instructions has already consumed a considerable amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country, and plaintiff's continued refusal to participate in the discovery process has already resulted in defendants' motion to

compel, which demanded this court's attention, time, and resources. Furthermore, rather than responding to the discovery requests or defendant's motions to compel and for sanctions, plaintiff has persisted in filing multiple, duplicative motions for appointment of counsel, as well as various other requests for assistance and complaints about the lack of assistance in prison. ECF Nos. 86-87, 89-94, 98, 100, 102, 104-06, 108-10, 112-15 ,117-18, 120-25, 129. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### C. Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, after first failing to respond to defendant's discovery requests, failed to comply with the order to provide responses. Defendant is entitled to have her discovery requests answered and plaintiff's failure to provide any responses is decidedly prejudicial to defendant. Accordingly, there appears to be no justifiable reason for plaintiff's default and this factor also favors dismissal.

### D. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### E. Availability and Effectiveness of Lesser Sanctions

The court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff

1  is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to
2  cooperate or prosecute his case.  Nor does it appear that evidentiary sanctions would be an
3  effective alternative, as exclusionary sanctions would likely have the same effect as dispositive
4  sanctions since plaintiff completely failed to respond to the discovery requests.  Finally, plaintiff
5  was warned on several occasions that failure respond to the motion for sanctions could result in
6  dismissal of this action, ECF No. 103 at 2; ECF No. 107 at 2; ECF No. 111 at 2, and the "court's
7  warning to a party that his failure to obey the court's order will result in dismissal can satisfy the
8  'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-
9  33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

10  Despite being given extensions of time to respond to defendant's motion for sanctions,
11 plaintiff failed to do so.  Furthermore, though plaintiff has continued to claim that he cannot
12 proceed without counsel and that he is not receiving assistance at the prison, as the court has
13 previously noted, his continued filing of various requests, motions, and documents has
14 demonstrated that contrary to his claims that he is unable to proceed unassisted, he has the ability
15 to answer defendant's interrogatories, to collect and provide documents, and to respond to
16 defendant's motion.  Plaintiff's lack of response to both the motion to compel and the motion for
17 sanctions, along with his failure to respond to defendant's discovery requests in the first place,
18 demonstrate a willful disregard for this court's orders and the court finds that lesser sanctions
19 would be ineffective and insufficient to address this behavior.

20  In sum, plaintiff's refusal to meet his discovery obligations has made it impossible for the
21 case to move forward.  For all the reasons set forth above, the undersigned finds that terminating
22 sanctions are justified and will recommend dismissal of this case with prejudice.

23  III.  Motions to Appoint Counsel and for Assistance with Early Release

24  Plaintiff has sent the court yet another copy of his May 28, 2019 letter in which he
25 requests appointment of counsel and a health evaluation by an outside medical provider.  ECF
26 No. 122.  The re-filed request does not add any additional information, and it will be denied once
27 again for the same reasons already provided.  See ECF No. 66 (denying previous requests).

28  Plaintiff has also filed a request asking the court for instructions on how to file for early

5

release. ECF No. 129. The court does not provide legal advice, and the request will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for counsel and an evaluation by an outside medical provider, ECF No. 122, is denied.

2. Plaintiff's motion for assistance filing for early release, ECF No. 129, is denied.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion for terminating sanctions, ECF No. 101, be granted.

2. This action be dismissed, with prejudice, for failure to comply with a court order. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE